**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ANNEMARIE B.,

                              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

No. 1:23-CV-129 (FJS/CFH)

_____

**APPEARANCES:**

Olinsky Law Group
250 South Clinton Street, Ste. 210
Syracuse, New York 13202
Attorneys for plaintiff

Social Security Administration
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for defendant

**OF COUNSEL:**

HOWARD D. OLINSKY, ESQ.

CANDACE M. BROWN CASEY, ESQ.
HEETANO SHAMSOONDAR, ESQ.

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

    Annemarie B.[1] ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("the Commissioner" or "defendant") denying her applications for disability insurance and supplemental security income benefits. See Dkt. No. 1 ("Compl."). Plaintiff moves for

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

judgment on the pleadings and for the Commissioner's decision to "be remanded for a directed finding of disability and calculation of benefits[,]" or, alternatively, "for additional administrative proceedings including a de novo hearing and a new decision, preferably before a new ALJ."  Dkt. No. 14 at 12.[2]  The Commissioner moves to "remand[] this case for further administrative proceedings pursuant to 42 U.S.C. § 405(g)."  See Dkt. No. 14.[3]  For the following reasons, it is recommended that the matter be remanded for further proceedings.

## I. Background

### 1. Procedural Background

On May 22, 2020, plaintiff filed an application for Title XVI SSI benefits.  See T. at 86, 227.[4]  Plaintiff alleged a disability onset date of May 27, 2015.  See id.  The Social Security Administration ("SSA") denied plaintiff's claims on January 14, 2021.  See id. at 85.  Plaintiff sought reconsideration, and her claims were again denied on March 5, 2021.  See id. at 120.  Plaintiff requested a hearing, and a hearing was held before Administrative Law Judge ("ALJ") Arthur Pantane on August 10, 2021.  See id. at 41-66.  On November 3, 2021, ALJ Pantane issued an unfavorable decision.  See id. at 8-26.  On December 16, 2022, the Appeals Council denied plaintiff's request for review

---

[2]  Citations to the parties' briefs refer to the pagination generated in the header of each page by CM/ECF.
[3]  Although the Commissioner moves to remand, he seeks to remand for further proceedings, whereas plaintiff primarily seeks to remand for the payment of benefits, seeking remand for further proceedings only in the alternative.  Accordingly, the undersigned determines that an analysis of merits of each argument must be performed to determine whether it is appropriate to remand for payment of benefits or remand for further proceedings.
[4]  "T." refers to the pages of the administrative transcript.  See Dkt. No. 8.  Citations to the administrative transcript refer to the pagination in the bottom, right-hand corner of the page. Citations to the parties' briefs are to the pagination generated by CM/ECF, located at the header of the page, not to the original pagination of the documents.

of the ALJ's decision.  See id. at 1-3.  Plaintiff timely commenced this action.  See Dkt. No. 1.

## 2. **ALJ's Five-Step Sequential Evaluation**

Applying the five-step disability sequential evaluation, the ALJ first determined that plaintiff met "the insured status requirements of the Social Security Act through December 31, 2019[,]" and had "not engage[d] in substantial gainful activity since May 22, 2020, the alleged onset date.  T. at 13.  At step two, the ALJ determined that plaintiff had the severe impairments of "degenerative disc disease of the cervical and lumbar spine status post surgeries of the right hip and shoulder, fibromyalgia, and asthma/chronic obstructive pulmonary disease (COPD)."  Id. at 13-14.  At step three, ALJ Pantane concluded that none of plaintiff's impairments, or combination of impairments, meets or medically-equals the severity of one of the listed impairments.  See id. at 15-16.  At step four, the ALJ concluded that plaintiff had the residual functional capacity ("RFC") to

> Perform sedentary work as defined in 20 CFR 416.967(a) except that she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps, ladders, and scaffolds, must avoid respiratory irritants, must use a cane for assistance with ambulation outdoors, and, despite her chronic pain, retains the attention and concentration skills necessary to do simple, routine tasks.

Id. at 16.  The ALJ determined plaintiff was unable to perform any past relevant work.  See id. at 19.  Considering plaintiff's RFC, age, education, and work experience, along with the vocational expert ("VE") testimony, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy, including

"Table Worker,"[5] "Document Preparer Microfilming,"[6] and "Touch-up Screener Printed Circuit Board Assembly."[7] Id. at 20. Therefore, the ALJ determined that plaintiff "has not been under a disability, as defined in the Social Security Act, since May 22, 2020, the date the application was filed (20 CFR 416.920(g))." Id. at 21.

## II. Legal Standards

### A. Standard of Review

In reviewing a final decision of the Commissioner, a district court may not determine de novo whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1388(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985-86 (2d Cir. 1987); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Substantial evidence is "more than a mere scintilla," meaning that in the record one can find "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations omitted)). The substantial evidence standard is "a very deferential standard of review . . . . [This] means once an ALJ finds facts, we can reject [them] only if a reasonable factfinder would have to conclude otherwise." Brault v. Soc. Sec. Admin.,

---

[5] "Table Worker (#739.687-182; sedentary exertion; SVP 2; approximately 964 jobs nationally)." T. at 20.
[6] "Document Preparer Microfilming (#249.587-018; sedentary exertion; SVP 2; approximately 2,542 jobs nationally)." T. at 20.
[7] "Touch-Up Screener Printed Circuit Board Assembly (#726.684-100; sedentary exertion; SVP 2; approximately 1,007 jobs nationally."). T. at 20.

4

Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citation, emphasis, and internal quotations marks omitted).  Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, the decision should not be affirmed even though the ultimate conclusion is arguably supported by substantial evidence. See Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson, 817 F.2d at 986).  However, if the correct legal standards were applied and the ALJ's finding is supported by substantial evidence, such finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citation omitted).

      Under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Sentence six of section 405(g) states,

> [t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

Id.  "'Remand is appropriate where there are gaps in the record or further development of the evidence is needed,' such as where new, material evidence has become available."  Fuimo v. Colvin, 948 F. Supp. 2d 260, 264 (N.D.N.Y. 2013) (quoting 42 U.S.C. § 405(g)).  "A remand for rehearing directing the taking of additional evidence is

5

warranted only if it is shown that there is new, material evidence and that there is good cause for the failure to incorporate such evidence into the record' at the administrative hearing." Id. (quoting Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 643-44 (2d Cir. 1983)) (quotation marks omitted) "Remand may also be appropriate if the Commissioner 'misapplies the law or failed to provide a fair hearing.'" Id. (citation omitted). "However, where the underlying administrative decision is not supported by substantial evidence, reversal [without remanding for rehearing] is appropriate because there would be no useful purpose in remanding the matter for further proceedings." Id.

### B. Determination of Disability

"Every individual who is under a disability shall be entitled to a disability . . . benefit . . . ." 42 U.S.C. § 423(a)(1)(E).  Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" Id. § 423(d)(1)(A).  A medically-determinable impairment is an affliction that is so severe that it renders an individual unable to continue with his or her previous work or any other employment that may be available to him or her based upon age, education, and work experience.  See id. § 423(d)(2)(A). Such an impairment must be supported by "medically acceptable clinical and laboratory diagnostic techniques." Id. § 423(d)(3).  Additionally, the severity of the impairment is "based on objective medical facts, diagnoses[,] or medical opinions inferable from [the] facts, subjective complaints of pain or disability, and educational background, age, and work experience." Ventura v. Barnhart, No. 04-CV-9018 (NRB), 2006 WL 399458, at *3

6

(S.D.N.Y. Feb. 21, 2006) (citing Mongeur v. Heckler, 722 F.2d 1033, 1037 (2d Cir. 1983)).

The Second Circuit employs a five-step analysis, based on 20 C.F.R. § 404.1520, to determine whether an individual is entitled to disability benefits:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.
>
> If he [or she] is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his [or her] physical or mental ability to do basic work activities.
>
> If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.
>
> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work.
>
> Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry, 675 F.2d at 467 (spacing added).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  Barnhart v. Thomas, 540 U.S. 20, 24 (2003).  The plaintiff bears the initial burden of proof to establish each of the first four steps.  See DeChirico v. Callahan, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing Berry, 675 F.2d at 467).  If the inquiry progresses to the fifth step, the burden

shifts to the Commissioner to prove that the plaintiff is still able to engage in gainful employment somewhere.  Id. (citing Berry, 675 F.2d at 467).

### IV.  Discussion

#### A.  Arguments

Plaintiff contends that the ALJ failed to meet his Step 5 burden of proving that there exists a significant number of jobs in the national economy that plaintiff can perform.  See Dkt. No. 14 at 7.  Plaintiff notes that the ALJ found that plaintiff could perform the jobs of "table worker, document preparer-microfilming, and touch-up screener printed circuit board assembly"; however the total number of jobs, 4,513, is not a "significant number of jobs" under the "current law in this District."  Id. at 8-9 (citing cases).  Plaintiff further opines that this error is compounded by the VE's failure to provide "regional numbers of local availability of those job titles[.]" Id. at 10.  Plaintiff notes that a VE did not testify at the hearing; rather, the ALJ relied on a VE's written interrogatory answers.  See id.  Plaintiff points out that the interrogatory did not inquire about "any local or regional numbers or availability" and asked only "for numbers that exist in the 'national economy.'"  Id.

Plaintiff further contends that the position of document preparer-microfilming, which had the "largest number of jobs contained in the 4,513 found by the ALJ," has been found by this Court to be "obsolete in the national economy and . . . not utilized as substantial evidence to determine whether a significant number of jobs exist in the national economy[.]"  Dkt. No. 14 at 11 (quoting Corey S. v. Comm'r of Soc. Sec., No. 5:20-CV-0678 (ML), 2021 WL 2935917, at *23 (N.D.N.Y. July 1, 2021)).  Plaintiff argues

that the ALJ's failure to inquire of the VE about a "'modern version of these jobs' caused[] the VE testimony to lack sufficient foundation" and did not amount to "substantial evidence to show Plaintiff could perform a significant number of jobs." Id. (quoting Pamela H. v. Kijakazi, No. 5:20-CV-0304 (NAM), 2012 WL 4307584 (N.D.N.Y. Sept. 22, 2021)).

Plaintiff argues that the failure to demonstrate the existence of a significant number of jobs existing in the national economy that plaintiff can perform is "an outcome determinative error which would have resulted in a payment of benefits for Plaintiff had the ALJ properly found that there was not a significant number of jobs available in the national economy." T. at 7, 11. Thus, absent proof of the existence of a significant number of jobs in the national economy that plaintiff can perform, plaintiff avers that she has met her burden in proving disability, and that the case "should be remanded solely for a directed finding of disability and calculation of benefits." Id. However, plaintiff provides,

> Even if this case were remanded for an explanation of whether the job of document preparer had been modernized or updated as indicated in Pamela H., the total number of jobs, even including document preparer, is only 4,513, well below the established number of significance in this Circuit. Likewise, if this case were to be remanded to determine the local and regional numbers available foe those jobs, Plaintiff would assert that even those numbers would be highly insignificant.[8]

Id. at 11-12.

The Commissioner argues that this Court should remand for "further evaluation of the severity of Plaintiff's mental impairments in accordance with 20 C.F.R. 416.920a"

---

[8] Plaintiff cites figures from "Skilltran.com" to contend that there are 35 jobs in New York State for "Table Worker," 815 jobs in New York State for "Document Preparer," and 39 jobs in New York State for "Touch Up Screener." Dkt. No. 14 at 12 n.1.

and that, on remand, "the ALJ will re-evaluate evidence of Plaintiff's mental impairments at step two and proceed through steps three through five of the sequential evaluation process as appropriate." Dkt. No. 21-1 at 6. The Commissioner asserts that if this Court were to reverse and award payment of benefits, it would be "an extraordinary result not appropriate on this record." Id. The Commissioner contends that plaintiff's arguments regarding the number of jobs available in the national economy "do not provide a basis for an order awarding benefits" because "[e]ven assuming *arguendo* that the ALJ should not have relied on the Document Preparer Microfilming position or improperly found that the VE cited a significant number of jobs in the national economy, the record does not establish that a finding of disability is warranted." Id. at 7.

  The Commissioner contends that reversal is appropriate only where the record "provides persuasive proof of disability" such that a remand for further proceedings "'would serve no purpose.'" Dkt. No. 21-1 at 7 (quoting Parker, 626 F.2d at 235). Because, on remand, the ALJ would have to "re-evalut[e] [the severity of Plaintiff's impairments," this "may result in a different RFC and, thus, require reconsideration of whether work exists in significant numbers in the national economy that Plaintiff could perform." Id. The Commissioner further opines, "[e]ven assuming the RFC the ALJ assessed, it is unclear whether the list of positions provided by the VE was simply representative of possible jobs that Plaintiff could perform, or whether it was exhaustive given her vocational profile, including her RFC." Id. at 7-8. Thus, the Commissioner contends, there "may be a multitude of other positions available in the national economy that Plaintiff could perform." Id. at 8 (citing cases).

B.  **Analysis**

As a threshold issue, the undersigned declines the Commissioner's invitation to direct the ALJ, on remand, based on a re-evaluation of plaintiff's mental health.  The Commissioner has pointed to no argument or medical record to show that the ALJ's assessment of plaintiff's mental health or her RFC was not based on substantial evidence.   Recognizing that plaintiff bears the burden up through step 4 to demonstrate that the ALJ's determination is based on substantial evidence, in contending that "remand is warranted for further evaluation of the severity of Plaintiff's mental impairments in accordance with 20 C.F.R. 416.920a and that the ALJ should "re-evaluate evidence of Plaintiff's mental impairments sat step two," the Commissioner's presents no argument supporting why this is the "proper remedy."  Id.  The Commissioner's has made no specific challenge to the ALJ's severity assessment or RFC nor has he pointed to any argument of plaintiff's to demonstrate that the ALJ's assessment is not based upon substantial evidence.  The undersigned's review of the record reveals no suggestion that the ALJ's step-two assessment, insofar as he concluded that plaintiff's mental impairments were non-severe and plaintiff had no more than mild limitations, is not based on substantial evidence.  See T. at 14-15.  Accordingly, as there has been no argument presented to demonstrate that the ALJ's step-two evaluation was not based on substantial evidence, the undersigned declines to conclude that remanded is required on this ground, specifically.

"Work which exists in the national economy means potential jobs that exist in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. § 423.  Neither the Act nor applicable regulations define

11

'significant numbers,' however, and the Second Circuit has not "'set any bright line rule regarding the number of jobs needed to satisfy the Commissioner's burden at step five.'" Spellman v. Comm'r of Soc. Sec., No. 2:21-CV-05842 (SIL), 2023 WL 5350845, at *12 (E.D.N.Y. Aug. 21, 2023) (quoting Maldonado v. Comm'r of Soc. Sec., No. 21-CV-7594, 2023 WL 243617, at *10 (S.D.N.Y. Jan. 18, 2023)).

Many courts have held that "national economic totals around 10,000 jobs to be sufficiently "significant" to meet the Commissioner's burden and have remanded decisions for further proceedings where ALJs found national economy job numbers below the 10,000-job mark to be "significant." Spellman, 2023 WL 5350845, at *12 (citing Sanchez v. Berryhill, 336 F. Supp. 3d 174, 177 (W.D.N.Y. 2018)); Rosa v. Colvin, No. 3:12-cv-0170, 2013 WL 1292145, at *9 (N.D.N.Y. 2013)). Specifically, this Court – including the undersigned – has held on many occasions that jobs as few as those the VE presented, and upon which the ALJ relied, do not amount to a demonstration of a significant number of jobs available in the national economy that a plaintiff could perform. See, e.g., Terri G. v. Comm'r of Soc. Sec., No. 3:18-CV-66 (CFH), 2019 WL 1318074, at *11 (N.D.N.Y. Mar. 22, 2019) (holding that the VE's presentation of 9,493 jobs does not demonstrate an existence of a significant number of jobs available in the national economy available to the plaintiff); Kathy H. v. Comm'r of Soc. Sec., No. 5:19-CV-684 (ATB), 2020 WL 3960846, at *16 (N.D.N.Y. July 13, 2020) (holding that 8,991 jobs in the national economy does is "not sufficient to sustain the Commissioner's burden at step five and remanding for further proceedings) (citing Peach v. Berryhill, No. 1:17-cv-201, 2018 WL 4140613, at *3-5 (W.D.N.Y. Aug. 30, 2018)); Hamilton v. Comm'r of Soc. Sec., 105 F. Supp. 3d 223, 229-31 (N.D.N.Y. 2015) (finding 5,160 jobs is not

"significant number" and remanding for further proceedings); Dkt. No. 14 at 9 (citing cases).

Here, the ALJ held that there existed 964 "table worker" jobs, 2,542 jobs as a "document preparer-microfilming (reducing the number to consider plaintiff's limited education), and 1007 jobs as touch-up screener printed circuit board assembly. T at 351. A total of 4,513 jobs falls well below the numbers that this Court, and courts throughout this Circuit, have found sufficient to meet the Commissioner's step-five burden. The undersigned further finds fault with the Commissioner's step five analysis because the ALJ failed to obtain any testimony regarding the number of these jobs, regionally. Spellman, 2023 WL 5350845, at *13; Wayne M., 2021 WL 139777, at *16-17; Terri G., 2019 WL 1318074, at *11. Accordingly, the undersigned concludes that the ALJ failed to meet his burden at step five to demonstrate that substantial evidence supports the conclusion that a significant number of jobs exist in the national or regional economy that plaintiff can perform based on her RFC.

In so finding, the undersigned does not agree with plaintiff that the appropriate action in her case is to direct payment of benefits.[9] "The Court is aware of authority suggesting that where the Commissioner fails to meet his burden at step five, a remand for calculation of benefits can be warranted." Wayne M., 2021 WL 1399777, at *20 (citing Torres v. Colvin, No. 3:16-CV-00809 (JAM), 2017 WL 1734020, at *3-4 (D. Conn. May 3, 2017); accord Peach, 2018 WL 4140613, at *5)); see also Butts v. Barnhart, 416

---

[9] Although the undersigned is not saying that remand for the payment of benefits is never proper after failing at Step 5 to show the existence of significant jobs in the national economy available to a plaintiff. However, the undersigned does not find it proper here for the reasons set forth within the body of this Report-Recommendation & Order. The undersigned observes that plaintiff has not cited any case where the Court remanded for the payment of benefits after the Court determined that the ALJ failed to show that the "representative jobs" exist in significant numbers in the national economy.

F.3d 101, 104 (2d Cir. 2005) (determining that there was no abuse of discretion in the District Court remanding for further proceedings after determining that the Commissioner failed to meet the step five burden); Lockwood v. Comm'r of Soc. Sec. Admin., 914 F.3d 87, 94 (2d Cir. 2019) (remanding for further proceedings after finding error at step five).  Although plaintiff initially sought benefits in 2020, her claims have not been remanded by the Commissioner and "have not yet been the subject of remand by this Court.  Moreover, the plaintiff does not argue that he meets or medically equals any of the Listings, which would automatically render [her] disabled[.]"  Alex C. v. Kijakazi, No. 322CV117MPSRMS, 2023 WL 2865103, at *19 (D. Conn. Feb. 16, 2023), report and recommendation adopted, No. 3:22-CV-0117 (MPS), 2023 WL 2706232 (D. Conn. Mar. 30, 2023) (citing 20 C.F.R. § 404.1520(a)(4)(iii)).  Although plaintiff does contend that remand further proceedings would be without a "useful purpose," the undersigned disagrees.  Balsamo v. Chater, 142 F.3d 75, 82 (2d Cir. 1998).  Remand for further development of the record is appropriate "because the ALJ failed to sufficiently determine whether there are significant numbers of jobs that Plaintiff can perform in the local, regional or national economy and inquire further about any additional jobs [plaintiff' can perform that courts have not considered obsolete."[10]  Spellman v. Comm'r of Soc. Sec., No. 2:21-CV-05842 (SIL), 2023 WL 5350845, at *14 (E.D.N.Y. Aug. 21, 2023); Bobby R. v. Comm'r of Soc. Sec., No. 5:20-CV-875 (FJS), 2022 WL 112032, at *11 (N.D.N.Y. Jan. 12, 2022) ("The Court remands this case to the Commissioner for

---

[10]  The ALJ is to only consider the apparently obsolete job of "document preparer-microfilming" if he considers, and provides testimony on, the "modern version of these jobs."  Pamela H. v. Kijakazi, 5"20-CV-304, 2021 WL 4307457, at *7 (N.D.N.Y. Sept. 22, 2021); Corey S. v. Comm'r of Soc. Sec., No. 5:20-CV-0678 (ML), 2021 WL 2935917, at *12 (N.D.N.Y. Jul. 13, 2021); 20 C.F.R. § 404.1566(b) ("[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered 'work which exists in the national economy.")

further consideration, in particular regional numbers or local availability of the job titles on which the ALJ relied to reach her conclusion that there were a significant number of jobs in the economy that Plaintiff can perform.").

As it is not clear whether the three jobs the VE provided are "representative jobs" or whether there exist other jobs that plaintiff can perform based on her RFC, and if such jobs are fewer than 10,000, remand would serve the "useful purpose" of allowing the ALJ to (1) determine whether their exist other jobs with plaintiff's RFC that exist in significant numbers in the national economy; and (2) include the number of those jobs available, regionally.  See Bobby R. v. Comm'r of Soc. Sec., 5:20-CV-875, 2022 WL 112032, at *11 (N.D.N.Y. Jan. 12, 2022); Wayne v. Saul, 3:20-CV-0465, 2021 WL 1399777, at *16 (D. Conn. Apr. 13, 2021); Kathy H., 2012 WL 3960846, at *16; Terri G., 2019 WL 1318074, at *11.

To the extent that plaintiff seeks that the matter be remanded to a new ALJ, such is a determination for the Commissioner.  However, the undersigned determines that the failure to elicit testimony about the number of jobs that exist locally, to obtain testimony regarding a "modern equivalent" for the document preparer job or about whether there were other jobs available to plaintiff that existed in greater numbers, such error, alone, does not warrant assigning the proceeding to a new ALJ.  See, e.g., Lebron v. Colvin, No. 13-CV-9140, 2015 WL 1223868, at *24 (S.D.N.Y. Mar. 16, 2015) ("An ALJ's "[l]egal error alone is insufficient to support a finding of bias.").  Thus, the undersigned declines to conclude that reassignment to a new ALJ is required.

V.  **Conclusion**

Having carefully considered the record herein and the arguments before the Court, the undersigned

**RECOMMENDS**, that plaintiff's motion for judgment on the pleadings, dkt. no. 14, be **GRANTED** insofar as the matter is to be remanded to the Commissioner for further proceedings consistent with this Report-Recommendation & Order and that the ALJ's decision as to step 5 of his analysis be vacated, and that the Commissioner's motion for judgment on the pleadings, dkt. no. 21, be **GRANTED** insofar as the matter will be remanded for further proceedings;[11] and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1999)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 5, 2024
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[11] See Spellman, 2023 WL 5350845 at *14.